UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARDO FAIRLEY,

                Plaintiff,

     v.

DETECTIVE MATTHEW COLLINS SHIELD NO. 07705, OFFICER SHEILA MUNIZ SHIELD NO. 12919, OFFICER BERNICE COLLADO SHIELD NO. 20733, SERGEANT ALLAN GONZALEZ SHIELD NO. 1396, DETECTIVE LUIS CARRASQUILLO SHIELD NO. 1449, LIEUTENANT CHARLES MURPHY, CAPTAIN GEORGE SMITH, THE CITY OF NEW YORK,

                Defendants.

**MEMORANDUM OPINION & ORDER**

09 Civ. 6894 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        The Second Amended Complaint ("SAC") in this action alleges claims under (1) 42 U.S.C. § 1983 for excessive force, false arrest, and deliberate indifference to medical needs; and (2) for assault and battery under state law.  Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) arguing, inter alia, that pro se Plaintiff Leonardo Fairley's claims are barred by the statute of limitations.  For the reasons stated below, Defendants' motion to dismiss will be GRANTED.

## BACKGROUND

        In mid-January 2006, Plaintiff Fairley was leaving his home in the Bronx, New York, when he was stopped by five or six police officers who instructed him to place his hands on the wall and produce identification.[1]  (SAC at 3)  Fairley told the officers that he had left his

---

[1] The parties disagree as to the date of this incident.  The SAC alleges that Fairley was arrested on January 16, 2006 (SAC at 3), but court records indicate that he was arrested on January 19,

identification at home.  According to Fairley, he was then arrested.  (Id. at 3)  Fairley further alleges that he was "handcuffed [and] thrown to the ground face first," and that a foot or knee was placed in his back while he was "repeatedly kicked in [his] groin."  (Id.)  Fairley's "face was smashed repeatedly into the pavement, causing copious amounts of blood to flow from [his] head" and impairing his vision such that he was unable to identify the assailants.  (Id.)  The officers then brought Fairley to a holding cell, where he was left "for over 24 hours without medical attention [and] without clean [clothes]."  (Id.)  "[M]ore than a day and a half later [he] was taken to a Manhattan hospital for x-rays."  (Id.)

On January 20, 2006, Fairley was presented before Magistrate Judge Katz on a criminal complaint charging him with Hobbs Act robbery and use of a firearm in connection with a crime of violence.  (Auletta Decl., Ex. G (Docket Sheet, United States v. Fairley, 06 Cr. 89))  Judge Katz entered an order of detention at that time.  (Id.)  On January 30, 2006, a grand jury sitting in the Southern District of New York issued an indictment charging Fairley with a string of Hobbs Act armed robberies that took place in the Bronx between December 2005 and early January 2006.  (Id., Ex. H (Indictment, United States v. Fairley, 06 Cr. 89))[2]  Fairley was

---

2006.  (Auletta Decl., Ex. G (Docket Sheet for 06 Cr. 0089 (LBS))  The factual dispute concerning the date of Fairley's arrest is not material to resolving Defendants' motion.  Because the later date is more favorable to Plaintiff in deciding Defendants' statute of limitations argument, this Court will adopt that date for purposes of Defendants' motion to dismiss.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (court must "draw all reasonable inferences in favor of the plaintiff" on a motion to dismiss (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006))).

[2]  "In reviewing the Defendants' motion [to dismiss]," this Court "may consider documents that are in the public record, and of which judicial notice may be taken under Federal Rule of Evidence 201."  Jovanovic v. City of New York, No. 04 Civ. 8437(PAC), 2006 WL 2411541, at *5 (S.D.N.Y. Aug. 17, 2006) (citations omitted); see also S.E.C. v. Siebel Sys., Inc., 384 F. Supp. 2d 694, 699 (S.D.N.Y. 2005) ("In this regard, a complaint includes 'documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had

2

arraigned on the indictment on February 1, 2006.  (Id., Ex. G (Docket Sheet, United States v. Fairley, 06 Cr. 89))  On November 26, 2006, Fairley pleaded guilty plea to all eight counts of the indictment, and he was sentenced on March 14, 2007, to 234 months' imprisonment.  (Id., Ex. G (Docket Sheet); Ex. I (Judgment, United States v. Fairley, 06 Cr. 89))

Fairley appears to have first signed the original complaint in this action on April 18, 2009.[3]  The Complaint was received by this Court's Pro Se Office on May 27, 2009.  (Cmplt. 1, 6)

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff."  Id. (citing Fernandez, 471 F.3d at 51).

---

knowledge and relied on in bringing suit.'" (quoting Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993))).  "'[I]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6),' including arrest reports, criminal complaints, indictments, and criminal disposition data."  Harris v. Howard, No. 08 Civ. 4837(CM), 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (quoting Vasquez v. City of New York, 99 Civ. 4606(DC), 2000 U.S. Dist LEXIS 8887, at *3 n.1 (S.D.N.Y. June 29, 2000)) (citing Brass, 987 F.2d at 150).  Accordingly, this Court will take judicial notice of the public records in Fairley's criminal case, United States v. Fairley, 06 Cr. 89 (LBS) (S.D.N.Y.).

[3]  The original complaint bears a handwritten date of "4/18/09."  The number "5" has been written over the "4," however, suggesting that Fairley first dated the complaint April 18, 2009, and then changed the date to May 18, 2009.  Because this Court must "draw all reasonable inferences in favor of the plaintiff" on a motion to dismiss, see Kassner, 496 F.3d at 237 (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)), this Court will adopt the earlier date for purposes of deciding Defendants' motion to dismiss on statute of limitations grounds.

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff['s] . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." Brass, 987 F.2d at 150.

"A pro se litigant's submissions are held to 'less stringent standards than [those] drafted by lawyers.'" Whitfield v. O'Connell, No. 09 Civ. 1925(WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (alterations in original) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). "'Because Plaintiff is proceeding pro se, the Court construes the complaint liberally, interpret[ing] it to raise the strongest arguments that it suggests.'" Braxton v. Nichols, No. 08 Civ. 08568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) (internal citations omitted) (quoting Harris v. Westchester County Department of Corrections, No. 06 Civ. 2011(RJS), 2008 WL 953616, at *2 (S.D.N.Y. Apr.3, 2008)). "Moreover, allegations made in a pro se plaintiff's memorandum of law, where they are consistent with those in the complaint, may also be considered on a motion to dismiss." Id.  However, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact.'" Whitfield, 2010 WL 1010060, at *4 (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)).

4

### I.  PLAINTIFF'S SECTION 1983 CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

#### A.  Applicable Law

"'The statute of limitations was enacted . . . to prevent the bringing of stale claims and to protect defendants from the fear of unexpected litigation.'"  Hutchinson v. City of New York, No. 07 Civ. 841 (RJD)(CLP), 2010 WL 1437926, at *4 (E.D.N.Y. Feb. 8, 2010) (quoting Afrika v. Selsky, 750 F. Supp. 595, 599 (S.D.N.Y. 1990)).  A statute of limitations "limit[s] the circumstances in which a reviewing court can grant relief," Enterprise Mortg. Acceptance Co., Sec. Litig. v. Enter. Mortg. Acceptance Co., 391 F.3d 401, 409 (2d Cir. 2004) (citations omitted), and "creates an affirmative defense where plaintiff failed to bring suit within a specified period of time after his cause of action accrued. . . ."  Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 88 n.4 (2d Cir. 2010).

Because Congress did not provide a specific statute of limitations for Section 1983 actions, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'"  Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (alterations in original) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)).  "In New York, the personal injury statute of limitations that applies to section 1983 actions is three years."  Quiles v. City of New York, No. 01 Civ. 10934 (LTS)(THK), 2003 WL 21961008, at *5 (S.D.N.Y. Aug. 13, 2003) (citing Owens, 488 U.S. at 251); accord Whitfield, 2010 WL 1010060, at *5 ("In New York, the applicable statute of limitations [for a Section 1983 action] is three years." (citations omitted)); see also N.Y. C.P.L.R. § 214(5) (McKinney 2010).

"While state law supplies the statute of limitations for claims under section 1983, federal law determines when a federal claim accrues."  Quiles, 2003 WL 21961008, at *5 (citing Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001)).  In general, "accrual occurs 'when the

5

plaintiff knows or has reason to know of the injury which is the basis of his action.'" Pearl, 296 F.3d at 80 (citing Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)). The "'discovery of the injury, [and] not discovery of the other elements of the claim, . . . starts the clock.'" Whitfield, 2010 WL 1010060, at *5 (quoting Gonzalez v. Wright, 665 F. Supp. 2d 334, 348-49 (S.D.N.Y. 2009)).

Accordingly, an excessive force claim accrues "when the use of force occurred." Jefferson v. Kelly, No. 06 Civ. 6616 (NGG)(LB), 2008 WL 1840767, at *3 (E.D.N.Y. Apr. 22, 2008) (citing Singleton, 632 F.2d at 191); see also Perez v. Johnson, No. 07 Civ. 3761 (NRB), 2008 WL 2876546, at *2 (S.D.N.Y. July 23, 2008) ("Plaintiff's first claim, for excessive force, accrued . . . when he was allegedly injured by the arresting officers.") Similarly, the statute of limitations for a § 1983 false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process." Berry v. Vill. of Millbrook, No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *3 (S.D.N.Y. Sept. 29, 2010) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. . . ." (citations and internal quotation marks omitted)); see also Wallace v. Kato, 549 U.S. 384, 391 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial.").

While a claim for deliberate indifference accrues when the plaintiff knows or has reason to know of the injury,[4] "[t]he continuing violation doctrine is an 'exception to the normal

---

[4] See Whitfield, 2010 WL 1010060, at *5 (plaintiff's deliberate indifference claim accrued when he knew or had reason to know of the injury which was the basis of his action); see also Perez, 2008 WL 2876546, at *2 ("Plaintiff's second claim [for deliberate indifference] . . . accrued . . .

6

knew-or-should-have-known accrual date.'" Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (citing Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999)). "'To assert a continuing violation for statute of limitations purposes,' the plaintiff must allege (1) 'an ongoing policy of deliberate indifference to his or her serious medical needs'; and (2) for each defendant, 'some acts in furtherance of the policy within the relevant statute of limitations period.'" Whitfield, 2010 WL 1010060, at *5 (quoting Shomo, 579 F.3d at 182-84); see also Shomo, 579 F.3d at 182 ("To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference to his or her serious medical needs] and some non-time-barred acts taken in the furtherance of that policy.'" (alterations in original) (quoting Harris, 186 F.3d at 250)).

    B.    <u>Analysis</u>

Here, the latest date Fairley's false arrest claim could have accrued was on January 20, 2006, when he was presented on a criminal complaint before Magistrate Judge Katz and ordered detained.[5] See Wallace, 549 U.S. at 391 (statute of limitations on § 1983 claim began "to run when [defendant] appeared before the examining magistrate and was bound over

---

when he was allegedly denied medical treatment after being taken into custody." (citing Hayes v. N.Y. State Dep't of Corrs. Officers, No. 97 Civ. 7383 (MBM), 1998 U.S. Dist. LEXIS 20073, at *10-11, 1998 WL 901730 (S.D.N.Y. Dec. 23, 1998); Thomas v. Arevalo, No. 95 Civ. 4704(SS), 1998 U.S. Dist. LEXIS 11588, at *35, 1998 WL 427623 (S.D.N.Y. July 28, 1998))).

[5] To the extent Fairley contends that he was never presented or arraigned before a judge (Pltf. Br. 1), that claim is incorrect. The docket sheet for United States v. Fairley indicates that Plaintiff was arrested on January 19, 2006, was presented before Magistrate Katz on January 20, 2006, was indicted on January 30, 2006, and was arraigned by Judge Sand on February 1, 2006. (See Docket Sheet, U.S. v. Leonardo Fairley, 06 Cr. 89). This Court will take judicial notice of the docket sheet. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice." (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998)). Accordingly, this Court "need not accept as true [Plaintiff's] . . . 'unwarranted deductions of fact'" that he was never presented or arraigned on criminal charges. See Whitfield, 2010 WL 1010060, at *4 (quoting First Nationwide Bank, 27 F.3d at 771).

7

for trial"); Berry, 2010 WL 3932289, at *3 (statute of limitations on § 1983 false arrest claim begins "to run at the time the claimant becomes detained pursuant to legal process"). Under the applicable three-year statute of limitations, Fairley's time to bring his claim expired on January 20, 2009.

Fairley's excessive force and deliberate indifference claims accrued on January 16, 2006, the day of the alleged beating. See Pearl, 296 F.3d at 80 ("[A]ccrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." (citations and internal quotations omitted)). Accordingly, under the applicable three-year statute of limitations, Fairley's time to bring this claim expired on January 16, 2009.

"[F]or statute of limitations purposes, a pro se prisoner's complaint is deemed filed on the date that the prisoner turn[s] his complaint over to prison officials for transmittal to the court, not when the court actually receives it." See Abbas v. Dixon, 480 F.3d 636, 638 n.1 (2d Cir. 2007) (citations and internal quotation marks omitted)). Under this rule, the earliest date that Fairley's claims could be deemed filed is April 18, 2009, because that is the earliest date reflected on the original complaint. Because the statute of limitations on Fairley's false arrest, excessive force, and deliberate indifference claims expired in January 2009, all of his claims are time-barred.[6]

## II. EQUITABLE TOLLING DOES NOT APPLY

Fairley contends that the statute of limitations was tolled under New York's equitable tolling doctrine because of difficulties he encountered in obtaining information

---

[6] Fairley argues that the doctrine of "continuing violation" preserves his deliberate indifference claim. (Pltf. Br. 8) Fairley has presented no facts suggesting, however, that (1) Defendants had an ongoing policy of deliberate indifference to his serious medical needs, or (2) acts in furtherance of such a policy were committed within the three-year statute of limitations period. See Whitfield, 2010 WL 1010060, at *5. Accordingly, the continuing violation doctrine does not apply.

concerning "how I became a suspect and why I was accosted in the lobby of my building. I've diligently tried to obtain the information, but it has been impossible to obtain." (Pltf. Br. 7) While Fairley has obtained criminal complaints and other documents from the New York City Police Department concerning the robberies he pleaded guilty to, these documents do not reveal how Fairley became a suspect. (Id.) Fairley also contends that he was "<u>blamelessly</u> <u>ignorant</u> of the fact that [he] could file suit for [the officers'] actions." (Id. at 1(emphasis in original))

### A.     <u>Applicable Law</u>

"[I]n section 1983 actions, [the court] borrow[s] not only a state's limitations period but also its 'tolling rules.'" <u>Pearl</u>, 296 F.3d at 80 (quoting <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 484-86 (1980)). New York provides for tolling of a statute of limitations, for example, where the court has stayed the action, <u>see</u> N.Y. C.P.L.R. § 204, where the defendant is outside the state, <u>see</u> N.Y. C.P.L.R. § 207, or where the plaintiff is under the disabilities of insanity or infancy. <u>See</u> N.Y. C.P.L.R. § 208. However,

> New York does not toll the limitations period for most prisoners' lawsuits. <u>See</u> N.Y. Civ. Rights § 79 (McKinney 1992) ("A sentence of imprisonment in a state correctional institution for any term less than for life . . . shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court. . . ."). Nor is the statute of limitations tolled because plaintiff is a <u>pro</u> <u>se</u> litigant. <u>Zerman v. Ball</u>, 735 F.2d 15, 20 (2d Cir. 1984).

<u>Irizarry v. Whittel</u>, No. 01 Civ. 10735 (DC), 2002 WL 31760240, at *3 (S.D.N.Y. Dec. 9, 2002).

Second Circuit cases discussing equitable tolling set a stringent standard for its application:

> Although we have broadly stated . . . that we will apply the equitable tolling doctrine "as a matter of fairness" where a plaintiff has been "prevented in some extraordinary way from exercising his rights," <u>Miller v. International Telephone & Telegraph Corp.</u>, 755 F.2d 20, 24 (2d Cir. 1985), we made it clear that we had in mind a situation where a plaintiff "could show that it would have been <u>impossible</u> for a reasonably prudent person to learn" about his or her cause of

9

      action.  <u>Id.</u> (emphasis added); <u>see</u> <u>Johnson v. Nyack Hospital</u>, 86 F.3d 8, 12 (2d
      Cir. 1996).

<u>Pearl</u>, 296 F.3d at 85; <u>see</u> <u>also</u> <u>Rochester v. Sixth Precinct Police Station</u>, 370 F. App'x 244, 245 (2d Cir. 2010) ("Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" (quoting <u>In re U.S. Lines, Inc.</u>, 318 F.3d 432, 436 (2d Cir. 2003))).

      Equitable tolling does not apply where the documents at issue are "not necessary for plaintiff to acquire actual knowledge of the facts that form the basis for his cause of action." <u>Irizarry</u>, 2002 WL 31760240, at *3 ("Plaintiff argues that the New York State Police Department did not promptly furnish him with documents related to the . . . incident, and therefore he did not have the necessary information to commence this suit.  These documents were not necessary for plaintiff to acquire actual knowledge of the facts that form the basis for his cause of action.  On . . . the day of the incident, plaintiff knew or at least had reason to know of the injury that forms the basis of the action.  Thus, the doctrine of equitable tolling is inapplicable.  The statute of limitations began running on . . . the day of his injury, and not, as asserted by plaintiff, on the day he received the documents." (citing <u>Eagleston v. Guido</u>, 41 F.3d 865, 871 (2d Cir. 1994); <u>Cerbone v. Int'l Ladies' Garment Workers' Union</u>, 768 F.2d 45, 48 (2d Cir. 1985))).

    **B.**    <u>**Analysis**</u>

      Equitable tolling does not apply here.  As an initial matter, New York law is of no assistance to Fairley, because it provides for tolling only in circumstances not present here, such as when the plaintiff is an infant, is disabled by insanity, or is serving a life sentence; when the defendant is located out of state; or when the court has stayed an action.  <u>See</u> <u>supra</u>, p. 9; <u>see</u> <u>also</u> <u>Irizarry</u>, 2002 WL 31760240, at *4 ("Additionally, New York law on tolling is inapplicable in this case.  Plaintiff, a <u>pro</u> <u>se</u> litigant, does not qualify for tolling for the following reasons:  (1) he

10

is not an infant; (2) he is not disabled by insanity; and (3) he is not serving a life sentence. For these reasons, Irizarry does not qualify for tolling under New York law, and his action is time-barred.").

Fairley's alleged ignorance about his ability to file a lawsuit against Defendants is likewise not sufficient to invoke equitable tolling. "Mere ignorance of the law is . . . insufficient to delay the accrual of the statute of limitations." See Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997).

Finally, the documents that Fairley argues were not provided on a timely basis – which concern how he became a suspect in the Hobbs Act robberies – have no bearing on whether he knew or had reason to know of the injuries which provide the basis for his claims. Because the documents Fairley seeks are "not necessary for plaintiff to acquire actual knowledge of the facts that form the basis for his cause of action," see Irizarry, 2002 WL 31760240, at *3, there is no basis to find that the statute of limitations was equitably tolled.

For all these reasons, equitable tolling does not apply here and Fairley's claims are barred under the applicable three-year statute of limitations.

### III. PLAINTIFF'S STATE LAW CLAIMS WILL BE DISMISSED

Under 28 U.S.C. § 1367(c), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Schaefer v. Town of Victor, 457 F.3d 188, 210 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "When all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998) (citing Carnegie-Mellon Univ., 484 U.S. at 350).

There is no reason to deviate from this rule here. Accordingly, to the extent that the SAC could be construed as asserting state law claims, this Court declines to exercise supplementary jurisdiction and will dismiss those claims without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Second Amended Complaint is GRANTED.

The Clerk of the Court is directed to terminate the motion (Docket No. 19) and to close this case.

Dated: New York, New York
       March 15, 2011                    SO ORDERED.

                                         _____
                                         Paul G. Gardephe
                                         United States District Judge

Copy to:
Leonardo Fairley (pro se)
Reg # 58629-054
M.D.C. Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

Steven Auletta
New York City Law Department,
Office of the Corporation Counsel
100 Church Street
New York, NY 10007
(212) 788-0611